**Leroy WYNN, Petitioner,**

**v.**

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 66–C–89–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

Jan. 11, 1967.

---

No appearance for petitioner.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed *in forma pauperis* by a State pris-

oner, pursuant to the provisions of 28 U.S.C. § 2254.

Petitioner is currently serving a sentence of life imprisonment pursuant to conviction for first degree murder in the Hustings Court of the City of Roanoke, Virginia, on April 14, 1959. Petitioner was sentenced upon a plea of guilty. No appeal was taken from the conviction.

The Hustings Court conducted a hearing on September 15, 1965, upon a petition for habeas corpus. By an order entered the same date as the hearing, the petition was dismissed. Petitioner sought a writ of error from the Supreme Court of Appeals of Virginia which was denied by order entered June 15, 1966. Petitioner now seeks a writ of habeas corpus from this court.

A number of allegations were raised in the State court hearing, which do not require the attention of this court. Petitioner lists three contentions in his present petition. First, he states that the court appointed counsel at his trial provided ineffective assistance, entered a guilty plea without his consent, and did not inform petitioner of his rights. Second, petitioner contends that he was never arraigned before a trial justice and that he was denied his right of appeal. Third, he states that he never received a warrant of arrest.

This court has examined the entire record of the State court hearing and finds the contentions of the petitioner to be frivolous and without merit.

The attorney appointed to handle the defense at the trial sought on several occasions to gain the cooperation of the petitioner in the preparation of the case. He brought in other people whom he felt would encourage the confidence of petitioner in his counsel. Counsel arranged for a mental examination of the petitioner to determine his capacity to stand trial. He sought to get the names of potential witnesses to aid the case. Upon learning of petitioner's voluntary confession to the police, counsel discussed with the prosecution possible

allowances for a plea of guilty. With the exception of petitioner's sometimes contradictory statements, it is apparent that petitioner both understood and concurred in the decision to enter a guilty plea. He made no attempt to object when the plea was entered, if he in fact did not enter it himself. (The evidence is in conflict as to whether petitioner or his attorney entered the plea). In any event, the testimony indicates that it was the custom of the trial judge to make certain the plea was understood before it was accepted by the court. The trial court order confirms this understanding. Furthermore, scme evidence indicates that a plea in a felony case was not accepted unless entered by the defendant himself. In short, petitioner was adequately represented by counsel at his trial and this court finds no merit in the contention that his guilty plea was entered without his consent.

Petitioner states that he was not advised of his rights. This is totally contrary to all other testimony at the State court hearing. It appears petitioner declined the aid of counsel when originally offered by Roanoke officials. He was advised of his right to remain silent following his arrest and on other occasions. The rights of petitioner in no way appear to have been prejudiced.

The contention that petitioner was never arraigned before a trial justice is confusing. If petitioner is referring to his preliminary hearing as in the State court proceeding, there is no longer any dispute that a proper preliminary hearing was conducted. The trial court order states positively that petitioner was arraigned before trial.

There is nothing to indicate that petitioner was denied his right to appeal the conviction. Actually, there is nothing to indicate that he desired an appeal. It appears that petitioner was satisfied with his life sentence upon the guilty plea, until sometime after he began serving his sentence.

The final contention is that petitioner never received a warrant of arrest. The testimony clearly indicated that petitioner was made aware on more than one occasion of the charge against him and properly charged.

This court has carefully examined the record of the State court hearing and feels that petitioner had adequately presented testimony relevant to the contentions he has raised in the present petition. Respondent has shown by its testimony that the charges are not substantial. This court feels that nothing would be gained by granting petitioner another hearing, which would review the same testimony. Upon mature consideration of the petition, this court feels it is without merit.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and the same hereby is denied. A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.